IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HENKELS & MCCOY, INC,<br>985 Jolly Road<br>Blue Bell, Pennsylvania 19422,<br><br>      Plaintiff,<br>   v.<br><br>EVERSTREAM SOLUTIONS LLC,<br>1228 Euclid Avenue, Suite 250<br>Cleveland, Ohio 44115<br><br>Also serve:<br><br>EVERSTREAM SOLUTIONS LLC<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219,<br><br>    and<br><br>EVERSTREAM GLC HOLDING<br>COMPANY LLC<br>1228 Euclid Avenue, Suite 250<br>Cleveland, Ohio 44115<br><br>Also serve:<br><br>EVERSTREAM GLC HOLDING<br>COMPANY LLC<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801,<br><br>      Defendants. | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT** |

      For its Complaint against Defendants Everstream Solutions LLC and Everstream GLC Holding Company LLC, Plaintiff Henkels & McCoy, Inc. ("H&M") states as set forth below.

1

**PARTIES, JURISDICTION, AND VENUE**

1. H&M is a Pennsylvania corporation with its principal place of business located in Blue Bell, Pennsylvania.

2. Everstream Solutions LLC is an Ohio limited liability company with a principal place of business in Cleveland, Ohio.

3. Everstream GLC Holding Company LLC is a Delaware limited liability company with a principal place of business in Cleveland, Ohio.

4. This Court has personal jurisdiction over Everstream Solutions LLC and Everstream GLC Holding Company LLC (collectively, "Everstream") pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, Rule 4.3 of the Ohio Rules of Procedure and the terms of the Engineering Agreement and Construction Agreement (as those terms are defined herein).

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

6. Venue is proper in this Court under 28 U.S.C § 1391 (b) and (d) and under the terms of the Engineering Agreement and Construction Agreement (as those terms are defined herein).

**FACTUAL BACKGROUND**

7. H&M has, at all relevant times, been engaged in the business of designing, engineering, constructing, and connecting critical utility infrastructure networks

8. Everstream, has, at all relevant times, been engaged in the business of, among other things, operating fiber-optic based communication and data networks.

9. On or about June 21, 2012, H&M entered into an agreement with Everstream titled *Master Services Agreement (Engineering)* (the "Engineering Agreement"). A true and accurate copy of the Engineering Agreement is attached hereto as Exhibit A.

10. On or about June 23, 2012, H&M entered into an agreement with Everstream titled *Master Services Agreement (Construction and OSP Services)* (the "Construction Agreement"). A true and accurate copy of the Construction Agreement is attached hereto as Exhibit A.

11. Pursuant to the Engineering Agreement and the Construction Agreement (collectively, the "Agreements"), the parties agreed that H&M would perform certain services for Everstream.

12. The services to be performed by H&M for Everstream included various aspects of one or more projects (the "Services") involving the installation of fiber-optic cable, a material that can be used in applications for long-distance and high-performance data networking, as well as communication methods such as internet, television and telephone.

13. The Services contemplated by the Agreements included reviewing, evaluating and assisting in the designs for installation of fiber-optic cable, as well as actually performing the installations, including all necessary attendant work.

14. Following commencement of its performance of the Services, and accordance with terms of the Agreements, H&M submitted invoices to Everstream for Services performed.

15. As of the date of this filing, most, if not all, of the invoices H&M submitted to Everstream for Services performed pursuant to the Agreements have not been paid, and amounts owned on those invoices are past-due.

16. The total amount due and owing to H&M from Everstream as of the date of this filing is approximately $1,093,940.94.

## COUNT I: BREACH OF CONTRACT

17. TOE incorporates the allegations in the foregoing paragraphs by reference as if fully restated herein.

18. The Agreements are both valid and enforceable contracts between Everstream and H&M.

19. H&M has fulfilled all of its obligations under the Agreements

20. Everstream has breached its contractual obligations under the Agreements by failing to pay amounts due and owing for Services rendered by H&M.

21. Everstream's breach(es) have caused H&M to incur direct damages in excess of one million dollars.

22. Accordingly, H&M is entitled to an award of damages against ICT in an amount to be determined at trial.

## COUNT II: PROMISSORY ESTOPPEL (IN THE ALTERNATIVE)

23. H&M incorporate the allegations in the foregoing paragraphs by reference as if fully restated herein.

24. Everstream promised and assured H&M that it would be paid for the Services performed.

25. H&M relied on Everstream's promise to its detriment.

26. Everstream failed to fulfill its promise, in that most, if not all of the monies owed to H&M for its performance of the Services have not been paid.

27. As a result of Everstream's failure to fulfill its promise, H&M has incurred damages in excess of one million dollars.

28. Accordingly, H&M is entitled to an award of damages against ICT in an amount to be determined at trial.

WHEREFORE, H&M hereby demands the following relief:

1. an award of compensatory damages, including prejudgment interest, against Everstream in an amount to be determined at trial;

2. an award of attorney's fees and all other costs and expenses, incurred in connection with bringing this action; and

3. such further relief as this Court deems just.

> */s/ Lindsey E. Sacher*
> LINDSEY E. SACHER (0087883)
> TUCKER ELLIS LLP
> 950 Main Avenue, Suite 1100
> Cleveland, OH 44113
> Tel: 216.592.5000
> Fax: 216.592.5009
> E-mail: lindsey.sacher@tuckerellis.com
>
> *Attorney for Plaintiff*

5429192